IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| AUGUSTUS HEBREW EVANS, JR., | : |
|---|---|
| Plaintiff, | : |
| v. | : Civ. No. 17-054-RGA |
| JUDGE HENLEY T. GRAVES, et al., | : |
| Defendants. | : |

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 12, 2017
Wilmington, Delaware

*Richard G. Andrews* (signature)

**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has paid the filing fee. The Court proceeds to review and screen the Complaint (D.I. 4) and its amendment (D.I. 13) pursuant to 28 U.S.C. § 1915A(b).[2]

## BACKGROUND

The Court takes judicial notice of the following, all of which is relevant to the instant Complaint. In 2007, Plaintiff was convicted of second degree assault; aggravated menacing, resisting arrest, and two counts of possession of a deadly weapon during the commission of a felony. *See Evans v. State*, 968 A.2d 491 (table), 2009 WL 367728, at *2-3 (Del. Feb. 13, 2009). He was sentenced as a habitual offender to seventy-nine years of incarceration at Level V, suspended after seventy-two years for a period of probation. *Id.* The Delaware Supreme Court affirmed Plaintiff's convictions and sentences on direct appeal. *Id.*

In June 2009, Plaintiff filed a Rule 61 motion for postconviction relief challenging his 2007 convictions and sentences. *See State v. Evans*, 2009 WL 2219275 (Del.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff names one federal actor, United States District Court Chief Judge Leonard P. Stark ("Judge Stark"). Where a litigant sues a federal actor for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

[2]Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Fed. Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

Super. July 6, 2009). The Delaware Superior Court denied the motion, and the Delaware Supreme Court affirmed the decision. *See Evans v. State*, 985 A.2d 390 (table), 2009 WL 3656085 (Del. Oct 7, 2009).

In February 2010, Plaintiff filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Delaware. *See Evans v. Phelps*, 2012 WL 1134482 (D. Del. Apr. 2, 2012). The application was denied following a determination that the claims lacked merit. *Id.* at *14. Plaintiff appealed and, after the United States Court of Appeals for the Third Circuit declined to issue a certificate of appealability, it terminated the appeal. *See Evans v. Phelps*, C.A. No. 12-2159 (3d Cir. Oct. 4, 2012). Plaintiff then filed a petition for writ of certiorari in the United States Supreme Court which was denied on April 22, 2013. *See Evans v. Phelps*, __U.S.__, 133 S.Ct. 2007, 2013 WL 800350 (2013).

On February 19, 2013, Plaintiff filed a second Rule 61 motion for postconviction relief challenging his 2007 convictions and sentences, which was denied as procedurally barred and repetitive. *See State v. Evans*, 2013 WL 1090979, at *1 (Del. Super. Feb. 25, 2013). Plaintiff then filed a petition for a writ of mandamus in the Supreme Court of the State of Delaware to compel the Delaware Superior Court to rule on the merits of his postconviction motion rather than base the decision on Rule 61's procedural bars. *See In re Evans*, 2013 WL 1807871 (Del. Apr. 29, 2013). The Delaware Supreme Court denied the petition on April 29, 2013. *Id.* On October 10, 2013, the Delaware Supreme Court affirmed the Superior Court's dismissal of Plaintiff's second Rule 61 motion for postconviction relief. *See Evans v. State*, 2013 WL 5614265 (Del. Oct. 10, 2013).

2

In July 2013, Plaintiff filed a complaint in the Delaware Superior Court against Judge Henley Graves ("Judge Graves") and Brendan O'Neill ("O'Neill"), both named defendants in the instant case, as well as other individuals. *See Evans v. Graves*, 2013 WL 5460177 (Del. Super. Sept. 30, 2013). Plaintiff sued Graves and O'Neill in their official and individual capacities and asserted they violated his right to due process under the Fourteenth Amendment. Plaintiff attempted to advance claims of "intentional conspiracy of the collective defendants and state agencies to advance a continued abuse and violation of civil rights of a selective class of people," with all claims related to the denial of Plaintiff's second motion for postconviction relief. *Id.* at *3. The complaint also alleged a continuing conspiracy "'for the purpose of directly depriving Negroes and similarly situated person as Plaintiff equal protections of the law and exercise of substantial constitutional rights.'" *Id.* The Superior Court dismissed the complaint finding each assertion was frivolous and/or failed to state a claim upon which relief may be granted. *Id.* at *6.

On December 6, 2013, the Superior Court denied Plaintiff's motion for a new trial. *See In re Evans*, 91 A.3d 561 (table), 2014 WL 1779361, n.4 (Del. May 1, 2014). Plaintiff filed a third motion for postconviction relief in the Delaware Superior Court and, while it remained pending, filed a petition for writ of mandamus before the Delaware Supreme Court to direct the Superior Court to consider motions he had filed under Rules 33 and 61. *See In re Evans*, 2014 WL 1779361, at *1 (Del. May 1, 2014). The Delaware Supreme Court denied the petition for a writ of mandamus on May 1, 2014, and noted that Plaintiff's excessive, frivolous filings were abusive, placed an undue burden on the court system, and directed the Clerk of Court not to grant any future *in*

*forma pauperis* motions that Plaintiff filed without first submitting the motion for review. *Id.*

On April 23, 2014, the Superior Court denied Plaintiff's third Rule 61 motion for postconviction relief. *See Evans v. State*, 100 A.3d 1021 (table), 2014 WL 4104785 (Del. Aug. 19, 2014). On appeal, the Delaware Supreme Court affirmed the dismissal, agreeing with the Superior Court's conclusion that Plaintiff's "effort to revisit his [claims] by repackaging same under a claim of judicial bias and/or incompetence must fail," and concluded that Plaintiff's derivative claim of "judicial bias/abuse of discretion" was not supported by the record and without merit. *Id.* at *2. Plaintiff filed a fourth motion for postconviction relief and the Superior Court summarily dismissed the motion on October 31, 2014. *Evans v. State*, 108 A.3d 1224 (table), 2015 WL 214057 (Del. Jan. 14, 2015). On appeal, the Delaware Supreme Court affirmed the judgment and found that the Superior Court did not err in summarily dismissing Plaintiff's fourth motion for postconviction relief. *Id.* at *2. Plaintiff was warned that if he continued to file appeals from the denial of repetitive and meritless claims, he risked being enjoined from filing appeals without first seeking leave of court. *Id.*

In this Court in March 2015, Plaintiff filed a petition for a writ of error coram nobis with respect to his 2007 convictions. *See Evans v. Pierce*, 201 F. Supp. 3d 560, 562 (D. Del. 2016). In April 2015, Plaintiff filed an application in the United States Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application, which was denied for Plaintiff's failure to satisfy the requirements for obtaining the authorization. *See id.; see also In re Evans*, C.A. No. 15-1726 (3d Cir. Apr. 9, 2015).

4

On May 27, 2015, Plaintiff filed a Rule 60(b)(6) motion for reconsideration, seeking relief from the Third Circuit's refusal to permit him to file a second or successive habeas application, and/or seeking relief from the denial of his first § 2254 application, which he had filed in 2012. *See Evans v. Pierce*, 201 F. Supp. 3d at 562. On December 22, 2015, this Court dismissed Plaintiff's petition for a writ of error coram nobis for lack of jurisdiction, and dismissed the Rule 60(b) motion for lack of jurisdiction because it constituted an unauthorized second or successive habeas application. *See id.* Plaintiff's subsequent motion for reconsideration was denied on August 17, 2016. *Id.* On appeal, the ruling was summarily affirmed. *See Evans v. Warden*, C.A. No. 16-3542 (3d Cir. Nov. 10, 2016).

In the meantime, Plaintiff filed a fifth Rule 61 motion for postconviction relief in the Superior Court. *Evans v. State*, 128 A.3d 994 (table), 2015 WL 7758307 (Del. Dec. 1, 2015). In its denial, the Superior Court informed Plaintiff that it would not accept any future Rule 61 motions unless he first sought, and received, the trial court's permission to file. *Id.* at *1. Plaintiff appealed and then voluntarily dismissed the appeal.

Next, he sought leave to file a sixth Rule 61 motion and, when leave was denied by the Superior Court, Plaintiff filed an appeal with the Delaware Supreme Court. *Id.* at *2. On December 1, 2015, the Delaware Supreme Court affirmed the denial of Plaintiff's request finding no error of law or abuse of discretion and noting that Plaintiff had unsuccessfully pursued postconviction relief under Rule 61 five different times and he refuses to accept the Superior Court's rulings on his motions. *Id.* The Delaware Supreme Court concluded that Plaintiff's untimely, repetitive, and frivolous filings constituted an abuse of the judicial process and directed the Clerk of Court to refuse

5

any future filing from Plaintiff related to his criminal convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 Del. C. § 8803(e) and that motion is first granted by the Supreme Court. *Id.*

On February 26, 2016, Plaintiff filed a petition for a writ of mandamus seeking relief from his criminal convictions. *See Matter of Evans*, 135 A.3d 762 (table), 2016 WL 1221966 (Del. Mar. 23, 2016). On March 23, 2016, the Delaware Supreme Court ordered the petition stricken and dismissed the matter after Plaintiff failed to pay the filing fee or submit a request to proceed *in forma pauperis* as required in the Delaware Supreme Court's December 1, 2015 order. *Id.* at *1.

On March 1, 2016, Plaintiff filed a sixth motion for postconviction relief in the Superior Court. (D.I. 4-1 at p.87). The Superior Court adopted and incorporated its May 26, 2015 ruling of the fifth motion for postconviction relief and advised Plaintiff that the sixth motion would not be considered or acted upon as it merely repeated previous complaints that had been adjudicated several times. (*Id.*). Plaintiff's appeal to the Delaware Supreme Court was dismissed when he did not submit the filing fee or a motion to proceed *in forma pauperis* and then failed to respond to a show cause order. *See Evans v. State*, 135 A.3d 762 (table), 2016 WL 2585786 (Del. Apr. 1, 2016).

At some point, Plaintiff filed a petition for a writ of habeas corpus, and it was denied by the Superior Court. *See Evans v. State*, 150 A.3d 1193 (table), 2016 WL 6459580 (Del. Oct. 31, 2016). The Superior Court held that Plaintiff's writ of habeas corpus sought to challenge his underlying convictions and sentences by asserting that the trial judge was biased. *Id.* at *1. Plaintiff appealed, and the Delaware Supreme

6

Court issued a notice for Plaintiff to show cause why his appeal should not be dismissed as frivolous, malicious, or for failing to state a claim. *Id*. In response, Plaintiff contended that a structural error exists in his criminal case due to judge bias, that the issue had never been adjudicated, and that a writ was the only means to have the issue resolved. *Id*. The Delaware Supreme Court found the appeal frivolous and dismissed it on October 31, 2016. It noted there was no basis for a writ of habeas corpus and that Plaintiff's contention that his claim of judicial bias had never been adjudicated was simply incorrect. *Id*.

On November 16, 2016, the Superior Court denied Plaintiff's applications attacking his conviction. (D.I. 13-1 at p.7). On November 29, 2016, the Superior Court denied several filings wherein Plaintiff continue to attack his conviction. *Id*. The Order states, "[r]egardless of whatever labels you choose to put on your motions, they are all repetitive, previously adjudicated, too late, and frivolous." *Id*. at p.8. Plaintiff next filed a petition for a writ of mandamus claiming that he was entitled to the disqualification of the Superior Court judge assigned to his criminal matter (*i.e.*, Judge Graves). *See Matter of Evans*, 157 A.3d 142 (table), 2017 WL 568348 (Feb. 6, 2017). On February 6, 2017, the Delaware Supreme Court dismissed the petition, stating that the "issue has been previously litigated against him." *Id*. at *1. On April 6, 2017, the Supreme Court received documents from Plaintiff, entitled "Rule 60(b) Motion to Reopen Case" and "Rule 60(b) Motion Appendice." (D.I. 13-1 at p.6). Plaintiff was advised that the Supreme Court no longer had jurisdiction to address the matter raised in the documents, it would take no further action with respect to the documents, and that it would no longer accept any filings captioned in the matter. *Id*.

7

In the meantime, Plaintiff commenced this action on January 19, 2017 pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants denied him due process and the right to equal protection of rules, statutes, laws and constitutions. Plaintiff contends that he has demonstrated he is in prison under an illegal conviction and sentence, and alleges that Defendants are individually liable, that Defendants conspired to uphold otherwise unlawful convictions and sentences, and that Defendants are liable for failure to intervene. He alleges that:

(1) Judge Graves acknowledges the prior attorney/client relationship with Plaintiff but refuses to follow well-established principles of state and federal law and manipulates procedural mechanisms to bar review of meritorious claims while failing to properly invoke exceptions. (D.I. 4 at p.24).

(2) Defendants Delaware Supreme Court Chief Justice Leo Strine ("Chief Justice Strine"), Justice Randy Holland ("Justice Holland"), Justice Karen Valihura ("Justice Valihura"), and Justice Richard (sic) Seitz ("Justice Seitz"): (a) continue to act in concert to commit an unlawful act, or to commit a lawful act by unlawful means; and (b) in cases involving Negroes, their failure to intervene advances the agreement to conspire and the overt act of failing to follow established precedent in the denial of due process and equal protection in furtherance of a conspiracy deprived Plaintiff of his right to due process and equal protection. (*Id.*).

(3) Defendant former Governor Jack Markell ("Governor Markell") partook in the racial disparities and inequalities in cases involving Negroes when he failed to intervene after Plaintiff complained to him about the racist practices of the judiciary in cases involving blatant denial of due process and equal protection of rules, statutes, laws, and constitutions. (*Id.*).

(4) Defendant Superior Court Judge Jan Jurden ("Judge Jurden"), after being made aware of a claim of impartiality of the trial judge, failed to intervene and took actions to further advance the conspiracy to oppress Plaintiff and deny him due process and equal protection of rules, statutes, laws, and constitutions. (*Id.* at p.25).

8

(5) Defendants members of the Justice Commission Committee on Fairness[3] (more properly named as Delaware Access to Justice Commission's Committee on Fairness in the Criminal Justice System ("Committee on Fairness")) Richard S. Geblien (sic) ("Gebelein"), O'Neil, Charles H. Toliver ("Toliver"), Drewry N. Fennell ("Fennell"), William Chapman, Jr. ("Chapman"), and Natalie Woloshin ("Woloshin") took no action to intervene after they were made aware that Plaintiff had been subjected to wrongful convictions and sentences. (Id.).

(6) Defendant Attorney General for the State of Delaware Matthew P. Denn ("Denn"): (a) continues to prosecute knowingly wrongful convictions and sentences while protecting the same judge; and (b) his failure to intervene is representative of the racial disparities in equalities in cases involving Negroes. (Id.).

(7) Chief Justice Strine, Justice Holland, and Justice Valihura authored an opinion contrary to clearly established federal law, and denied other motions filed by Plaintiff. (D.I. 13 at pp.2-3).

(8) The federal courts (presumably Judge Stark) found that Plaintiff filed a successive petition for relief. (Id. at pp.3, 8).

Plaintiff seeks injunctive relief.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(a) and (b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all

---

[3]On September 23, 2016, the Committee on Fairness released an independent study that looked into the issue of racial disparities in the Delaware criminal justice system. *See* http://courts.delaware.gov/supreme/access.aspx (last visited June 8, 2017). The Delaware Access to Justice Commission was established by the Delaware Supreme Court to undertake the task of examining the justice system to identify any barriers to access to justice that may exist, and to develop recommendations designed to improve access to justice for the citizens of Delaware. *See id.* The voting membership of the Commission are comprised entirely of private citizens. *Id.*

9

factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

10

plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Judicial Immunity**. Most of the named defendants are judges who have ruled on pleadings filed by Plaintiff in state and federal court. The judicial defendants, Judge Graves, Chief Justice Strine, Justice Holland, Justice Valihura, Justice Seitz, Judge Jurden, and Judge Stark are entitled to judicial immunity.

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority. . . ." *Sparkman*, 435 U.S. at 356. In addition, a judge is immune even if the acts were committed during an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24

11

(1980); see also Owens v. Armstrong, 171 F. Supp. 3d 316, 330 (D.N.J. 2016). Judicial immunity may only be overcome in limited circumstances when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Plaintiff seeks injunctive relief, but not compensatory damages. Although the Supreme Court has held that a cause of action for injunctive relief may be maintained against judicial officers or the federal government, see Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), immunity principles still apply, and, except in very limited circumstances, judges are immune from suits for injunctive relief. See Rush v. Wiseman, 2010 WL 1705299 (E.D. Pa. Apr. 27, 2010); Klein v. U.S. Bank, 2010 WL 5018881 (M.D. Pa. Nov. 15, 2010). Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C. § 1983); see also 42 U.S.C. § 1983 (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984) (which held that judicial immunity is not a bar to prospective injunctive relief against a judge acting in his or her judicial capacity)).

Here, Plaintiff does not allege that any of the foregoing judges violated any declaratory decree and, therefore, injunctive relief is not appropriate. In addition, Plaintiff's factual allegations are based solely on the judicial actions of the judicial defendants. While Plaintiff disagrees with the decision-making process, nothing in

12

Plaintiff's complaint can be interpreted as an allegation that any of the judicial Defendants acted outside of their judicial functions or in the clear absence of jurisdiction. Even if these rulings were in error or in excess of authority, there is no plausible allegation that they were undertaken without appropriate jurisdiction. Therefore, Defendants Judge Graves, Chief Justice Strine, Justice Holland, Justice Valihura, Justice Seitz, Judge Jurden, and Judge Stark will be dismissed from this action as the claims against them are frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**Prosecutorial Immunity**. The Court will dismiss the claim against Attorney General Denn who is protected by the doctrine of absolute prosecutorial immunity. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Davis v. Grusemeyer*, 996 F.2d 617, 629 (3d Cir. 1993) (prosecutor's decision whether to dispose of a case by plea bargain protected by the doctrine of absolute prosecutorial immunity). Given his immunity from suit, the allegations against Denn do not give rise to a viable claim under § 1983.

**Deficient Pleading**. The allegations against Markell, Gebelein, Woloshin, Toliver, Fennell, Chapman, and O'Neill do not rise to the level of constitutional violations. Plaintiff alleges that the foregoing Defendants denied his due process and equal protection rights because they did not intervene in Plaintiff's criminal convictions and sentences after he complained to them about racial disparities and inequalities he believes had an impact upon his convictions and sentences. Gebelein, Woloshin,

13

Toliver, Fennell, Chapman, and O'Neill serve on the Committee on Fairness that studies the criminal justice system in Delaware and Markell is the former governor of Delaware.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see Monell v. Department of Soc. Servs., 436 U.S. 658 (1978). In other words, a plaintiff must allege and prove a causal connection between the defendants and the alleged wrongdoing in order to recover. Rode, 845 F.2d at 1207. A plaintiff establishes a causal connection by showing that the defendants were personally involved in the alleged deprivation of his or her constitutional rights through allegations of either personal direction or actual knowledge and acquiescence. Id. Finally, a plaintiff must allege personal involvement with particularity, stating the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir.1980)).

There are no allegations that any of the forgoing Defendants had any personal involvement in Plaintiff's convictions and sentences, all of which have been thoroughly reviewed by state and federal courts. Nor do the allegations indicate when Plaintiff allegedly complained to the foregoing defendants, when they failed to intervene, or how they were actually involved in Plaintiff's convictions and sentences. Even when liberally construing Plaintiff's allegations, they do not suffice to state cognizable claims against the foregoing Defendants. The Court's experience and common sense lead it to

14

recognize that the claims against them do not state a facially plausible claim for relief, and therefore, they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**Collateral Attack on Criminal Conviction.** Plaintiff has been prolific, and unsuccessful, in his efforts to have his convictions and sentences set aside. Here, Plaintiff seeks injunctive relief in the form of this Court's review of the issues and to resolve whether there have been violations of his constitutional rights with regard to rulings made in his criminal proceedings.

As mentioned, Plaintiff raises his claims under 42 U.S.C. § 1983. "Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Id. See also Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[S]tate prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."). Plaintiff's relief does not lie under § 1983 and, therefore, dismissal is appropriate.

**Claim Preclusion.** Dismissal of the claims against Judge Graves and O'Neill is also appropriate by reason of *res judicata*, also known as claim preclusion. This Court may dismiss, *sua sponte*, claims barred by claim preclusion. *See King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. 2003) (appellate court affirmed district court's

15

*sua sponte* dismissal of complaint on grounds of *res judicata*). Claim preclusion bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002); *McLaughlin v. Board of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, __ F. App'x __, 2017 WL 1325687, at *2 (3d Cir. Apr. 11, 2017).

As previously discussed, in 2013, Plaintiff filed a civil action in State court against Judge Graves and O'Neill raising claims similar to those raised in the instant complaint - most notably, conspiracy and depriving Negroes the right to due process and equal protection. *See Evans v. Graves*, 2013 WL 5460177 (Del. Super. Sept. 30, 2013).

"The doctrine of *res judicata* 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.'" *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010) (citations omitted). Three elements are required; (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). *Res judicata* "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted).

The elements are met. First, the State action against Judge Graves and O'Neill was dismissed as frivolous and for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim is a final judgment on the merits for *res judicata* purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898 n.6 (3d Cir.

16

1987). Second, Plaintiff, Judge Graves, and O'Neill all were parties in the State case. Finally, this action is based upon the same cause of action as in the State case filed by Plaintiff in 2013.

The conditions for claim preclusion are satisfied and, hence, Plaintiff's claims against Judge Graves and O'Neill will be dismissed.

**Rooker-Feldman.** In the alternative, Plaintiff's filings indicate that he wishes this Court to review prior State Court rulings, find violations of Plaintiff's constitutional rights and then order the State Court to again review Plaintiff's post-conviction petition(s). (See D.I. 4 at pp.29-30). Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[4] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see Pittman v. Pennsylvania Gen. Assembly, 642 F. App'x 87, 89 (3d Cir. 2016).

The Rooker-Feldman doctrine applies as this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Allowing Plaintiff's claims to proceed against Defendants would allow him to use the federal courts to appeal state court judgments and, thus, would run afoul of the

---

[4]The Rooker-Feldman doctrine refers to principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court sua sponte. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003).

17

*Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983).

To the extent Plaintiff challenges the numerous State court rulings, his claims are barred by the *Rooker-Feldman* doctrine and, therefore, the Court cannot exercise jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). In the alternative, the Court lacks jurisdiction by reason of the *Rooker-Feldman* doctrine. The Court finds amendment futile.

An appropriate order will be entered.